IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAM KING, Individually, on Behalf for All Others Similarly Situated and Derivatively on Behalf of Nominal Defendant, FLOWSERVE CORPORATION, | § § § § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 3:06-CV-0453-B ECF |
| CHRISTOPHER A. BARTLETT, HUGH K. COBLE, C. SCOTT GREER, DIANE C. HARRIS, GEORGE I. HAYMAKER, JR., RENEE J. HORNBAKER, MICHAEL F. JOHNSTON, LEWIS M. KLING, CHARLES M. RAMPACEK, JAMES O. ROLLANS, WILLIAM C. RUSNACK, and KEVIN E. SHEEHAN, | § § § § § § § § § § § | |
| Defendants. | § § | |
| and | § § | |
| FLOWSERVE CORPORATION, | § § | |
| Nominal Defendant. | | |

## ORDER

Before the Court is Defendants' Motion to Dismiss (doc. 7), filed June 12, 2006. At issue is whether the Court has jurisdiction to hear this case under 28 U.S.C. § 1331 and whether Plaintiff's shareholder meeting claim should be dismissed as moot. Because Flowserve has now held its 2005 shareholders meeting and because Plaintiff's other claims do not present a substantial question of federal law, the Court GRANTS Defendants' motion and dismisses all claims with prejudice.

1

## I. BACKGROUND

Plaintiff Sam King brings this derivative, putative class action for the benefit of nominal defendant, Flowserve Corporation ("Flowserve"). (Resp. at 2) Flowserve[1] is a large manufacturer of flow control systems. (*Id.*) Plaintiff alleges that the directors on Flowserve's Audit Committee and Flowserve officers, C. Scott Greer and Rene J. Hornbaker (collectively, the "Officer Defendants"), breached their fiduciary duty of good faith to the Company and its shareholders by willfully ignoring problems with Flowserve's accounting and internal controls and by failing to remedy financial misconduct by Flowserve and its employees of which the Defendants allegedly were aware. (Compl. §§ 77-80) Further, Plaintiff contends that the Officer Defendants, Audit Committee Defendants, and Kevin Sheehan[2] breached their fiduciary duty of good faith in supervising the preparation and filing of financial statements and other financial information required by law, instead disseminating to shareholders materially false and misleading information about Flowserve and its financial results. (Compl. §§ 81-84) Apart from these breach of duty claims, Plaintiff asserts that the entire board of directors violated New York law by failing to hold an annual shareholder meeting for 2005 and that the Officer Defendants were unjustly enriched by their compensation packages, allowing them to benefit from their alleged improper conduct. (Compl. §§ 85-92)

Plaintiff filed this derivative action on March 14, 2006. Defendants now move the court to dismiss the case on three grounds: lack of federal question subject matter jurisdiction,

---

[1] Flowserve is also a defendant in a securities fraud class action before this Court, *Ryan, et al. v. Flowserve Corporation, et al.*, 3:03-CV-1769-B.

[2] Kevin Sheehan has served as Chairman of the Board since August 2005 and served as Interim Chairman, President, and Chief Executive Officer of Flowserve from May 2005 to August 2005. (Compl. ¶ 15)

2

mootness of the shareholder meeting claim, and failure to plead demand futility as required by Federal Rule of Civil Procedure 23.1. (Mot. to Dismiss "Mot." at 1-2) Because Defendants' first two issues prove dispositive, the Court does not reach the issue of demand futility. The parties have briefed the issues and the Court now turns to the merits of its decision.

## II.  ANALYSIS

### A.  Mootness of the Shareholder Meeting Claim

The Supreme Court has instructed that "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green,* 159 U.S. 651, 653 (1895)). When Plaintiff filed his complaint on March 14, 2006, Flowserve had not yet held its shareholder meeting for 2005. (Compl. ¶ 87) New York Law requires Flowserve to hold a shareholder meeting annually to elect directors and address other business. N.Y. BUS. CORP. LAW § 602(b) (McKinney 2007). To remedy this problem, Plaintiff requested that the Court issue an order requiring Flowserve to hold its 2005 shareholder meeting within 60 days of the issuance of such order. (Compl. ¶ 89) During the briefing of the instant motion, on August 24, 2006, Flowserve held its 2005 annual meeting of shareholders. (*See* Mot. at 8; Reply at 5) Because the only relief sought by Plaintiff in his third claim was an order requiring Flowserve to hold the 2005 meeting, the actual holding of the meeting renders this claim moot. Therefore, the Court DISMISSES the third claim in Plaintiff's complaint.

### B.  Claims for Breach of Fiduciary Duty of Good Faith and Unjust Enrichment

A court must dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) where it lacks the statutory or constitutional power to adjudicate the case. *Home Builders*

3

*Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). District courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Although the Supreme Court recognizes that the constitutional meaning of "arising under" may encompass "all cases in which a federal question is 'an ingredient' of the action," it has ascribed a much more limited meaning to the statutory grant of federal-question jurisdiction and other federal courts have followed suit. *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 807 (1986). In determining whether a case arises under federal law rather than state law, a court must scrutinize the plaintiff's well-pleaded complaint to determine whether it raises issues of federal law. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citing *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997)). The Fifth Circuit has set forth three factors to consider when determining federal question jurisdiction for cases raising claims under state law:

> the complaint [] creates federal question jurisdiction when it states a cause of action created by state law and (1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial.

(*Id.* at 917). With this standard in mind, the Court now turns to the parties' arguments.

In his complaint, Plaintiff alleges that this Court has jurisdiction over the instant action because it states a federal question. (Compl. at ¶ 2) Defendants contend that Plaintiff's complaint must be dismissed because it only contains claims made under state law and does not assert any claims under federal law. (Mot. at 7) Plaintiff counters that his fiduciary duty claims are "indisputably predicated on the Individual Defendants' alleged violations of GAAP and SEC rules." (Resp. at 5) Plaintiff clarifies that the duty of good faith claim relating to accounting and internal controls refers to duties under both state law and SEC rules to

4

maintain proper internal controls.  (*Id.*)  Plaintiff further insists that the duty of good faith claim based upon the knowing dissemination of false and misleading information about Flowserve requires a determination of whether Defendants violated SEC rules.  (*Id.* at 6)  Defendants refute Plaintiff's arguments by explaining that the state law claims fail to satisfy the *Howery* test set forth above.  (Reply at 2-3)  The Court agrees with Defendants.

Plaintiff fails the first prong of the *Howery* test because he is unable to show that a federal right is an essential element of his claims for breach of fiduciary duty of good faith.[3]  Even though an act that violates SEC rules or other federal law, as Plaintiff alleges, might also be one of many acts upon which a plaintiff can base a breach of the fiduciary duty of good faith claim, it does not make any "federal right" an essential element of that claim.  Howery, 243 F.3d at 918; *see also Fathergill v. Rouleau*[4], Civ. A. No. 3:03-CV-0879-D, 2003 WL 21467570, at *1 (N.D. Tex. June 23, 2003); *Young v. Antioco*[5], Civ. A. No. 3:03-CV-0333-M, 2003 WL 23201342, at *2 (N.D. Tex. Aug. 6, 2003).  Further, Plaintiff fails the second prong of the *Howery* test because an interpretation of federal law is unnecessary to a determination of whether Defendants breached their fiduciary duties to the Company and its shareholders.  *See id.*  Because a federal right is not

---

[3] Plaintiffs do not contest that their unjust enrichment claim does not create a federal question for this Court.

[4] *Fathergill* is analogous to the case at bar because it involved state law claims, including breach of fiduciary duty for improper accounting and misrepresenting financial results, that Plaintiff insisted came under the court's jurisdiction because they were based on acts of the Defendants that violated Securities and Exchange Commission Rule 10b-5 and § 20(a) of the Securities Exchange Act of 1934.  The Court held that the alleged violations of the securities laws did not create a federal question and did not give the court subject matter jurisdiction over the case.  *Fathergill*, 2003 WL 21367570, at *1.

[5] *Young* also is analogous to the case at bar because it involves state law claims, such as breach of fiduciary duty, based upon violations of securities laws, including § 10(b) and § 20(a) of the Securities Exchange Act of 1934.  The *Young* court also concluded that the merits of the federal securities laws would not have to be decided in order to fully reach the merits of the plaintiff's state law claims and that federal jurisdiction did not attach.  *Young*, 2003 WL 23201342, at *2.

an essential element of Plaintiff's claims and because interpretation of that right is unnecessary to the resolution of this case, the Court finds that it does not have jurisdiction over Plaintiff's claims for breach of fiduciary duty or unjust enrichment. Thus, the Court GRANTS Defendants' motion as to these claims.

### III. CONCLUSION

Because the Court has found Plaintiff's shareholder meeting claim to be moot and found that Plaintiff's other claims fail to raise a federal question, the Court GRANTS Defendants' motion to dismiss. Accordingly, the instant action is dismissed in its entirety.

**SO ORDERED.**

**SIGNED March 14th , 2007.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE